Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>ACTON-BOXBOROUGH REGIONAL )<br>SCHOOL DISTRICT and PETER LIGHT, )<br>SUPERINTENDENT OF THE ACTON )<br>BOXBOROUGH REGIONAL SCHOOL )<br>DISTRICT )<br>)<br>   Defendants ) | CIVIL ACTION NO:_____ |

COMPLAINT
(For Declaratory and Injunctive Relief and Damages)

INTRODUCTION

This action invokes three disparate strands of law, which collectively deprived the Plaintiff of his rights and privileges and immunities guaranteed to him under the United States Constitution, federal law and ancillary state law, specifically in denying the Plaintiff the ability to engage in one or more of his major life activities under the Americans with Disabilities Act 42 U.S,C. § 12101 et seq., and 42 U.S.C. §1983.

Since its inception in 1991, the Americans with Disabilities Act, through its statement of purpose and definitions, broadly construed, has impliedly anticipated two distinct and separate forms of disability—those that are dejure, meaning permanent conditions, and those that are de facto, meaning those that are temporary, but not transient, as defined as being of less than 6 months in duration under Section 12102 and the Act's "purposes; under Section 12101(b), which includes under (b)(1) the notion that the Act is "to provide a clear and comprehensive national



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

mandate for the elimination of discrimination against individuals with disabilities." Left unsaid, or at least undefined, is that no one may create disability, and then discriminate based upon that disability. As the academic hypothetical renders the distinction, de jure discrimination occurs when an actor places a stumbling block before the blind, thereby requiring that actor to remove the block as a matter of law. De facto discrimination occurs when the actor places a stumbling block before the sighted and then turns off the lights. Under both scenarios, the actor is mandated by the Americans with Disabilities Act to prevent discrimination on the basis of the block (which creates the instrumentality of harm), whether or not the party impacted is disabled by law or disabled by the actions of the actor in interjecting an instrumentality that renders a person unable to engage in a major life activity.

Until the onset of the alleged SARS-CoV-2/COVID-19 pandemic of 2020 ("the Alleged Epidemic"), it has been difficult to imagine a case of de facto disability and de facto discrimination, as the notion of an actor intentionally creating disability, and then intentionally discriminating upon the basis of its own act, is so contrary to American law and constitutional protections that it has remained a hypothetical question of response and remedy.

This case presents the legal and factual situation in which the Acton-Boxborough Regional School District, acting under its alleged superintendency power, established a "Requirement to Wear Masks/Face Coverings" for the 2021-2022 School Year, which states that "the District will begin…the year by requiring all students and staff PK-12, regardless of vaccination status, to wear a mask indoors… All visitors, where permitted, to schools for meetings and events are required to wear a mask indoors…" See, Exhibit 1, ("the Masking Policy"). Plaintiff contends that the policy is not based on compelling public need, including the unfounded purpose statement that "masks play an important role in mitigating the spread of the



2

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

virus," while stating that "mask requirements should strike a balance between enhancing student learning experience and maintaining a safe environment in our schools."

There are four fundamental objections to this policy. First, the policy as it relates to the Plaintiff is overly broad, in that the policy reflects a concern about student health within the compulsory school framework, rather than lack of public interest in protecting consenting adults in an after-hours program. Second, masks have not been approved by the FDA as an effective and appropriate medical device for stopping the spread of an alleged epidemic of SARS-CoV-2/COVID-19. Third, the policy is not narrowly tailored to an at risk group. Lastly the policy is of apparent open-ended duration, spanning at least the 9 month period of the 2021-2022 school year. Thus, a narrowly tailored policy which would pass constitutional muster and which would be within the superintendency power would be one of recommendations in which those who feel at risk would have the personal autonomy to take measures for their own protection, rather than imposing unwarranted mandates on those not at fear of infection.

The Plaintiff, a resident of Carlisle, Middlesex County, enrolled in the Acton-Boxborough Community Education Advanced Volleyball for Adults class which was starting on September 21, 2021, which is a major life activity for the Plaintiff. The activity transpired after school hours. The Plaintiff was denied permission to participate in this major life activity based upon the Policy and was physically barred from participation "in all aspects of society" because the Acton-Boxborough created de facto disability by requiring the Plaintiff to wear a face mask which is medically contraindicated for him and then discriminating based upon that condition of disability.

The Mountain States Law Group
COLORADO · MASSACHUSETTS · UTAH
IDAHO · WYOMING · WISCONSIN
info@mountainstateslawgroup.com

3

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

## JURISDICTIONAL AUTHORITY OF THE COURT

1) This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. §§ 2201, 2202, 42 U.S.C. §§ 1971-73, 42 U.S.C. §§ 1983, 1985. This Court has jurisdiction specifically delegated to it by act of the United States Congress in the Americans with Disabilities Act. This action seeks to redress the deprivation under State and federal law of rights, privileges, and immunities secured by the United States Constitution and the laws of the United States.

## PARTIES TO THIS ACTION

2) The Plaintiff, Michael Bush, ("the Plaintiff") resides at 280 Lowell Street in Carlisle, Middlesex County, in the Commonwealth of Massachusetts.

3) Defendant, Acton-Boxborough Regional School District is a governmental subdivision of the Commonwealth of Massachusetts with a place of business at 15 Charter Road in Acton, Middlesex County in the Commonwealth of Massachusetts.

4) Defendant, Peter Light, is the Superintendent of the Acton-Boxborough Regional School District with a place of business at 15 Charter Road in Acton, Middlesex County in the Commonwealth of Massachusetts.

## FACTUAL BACKGROUND TO THIS CLAIM



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

5) The Plaintiff regularly played adult volleyball in the evenings via the Acton Boxborough School District's Community Education ("Community Education") program for over ten years before that program was placed on hiatus from early 2020 to September 2021 as part of the governmental response to cases of SARS-CoV-2/COVID-19 that, in early 2020, was of uncertain potential mortality rate—which by 2021 was known to be under 1%.

6) In August and September 2021 the Community Education personnel (named as Defendants) and its volleyball instructor David Liu sent the Plaintiff email messages announcing the resumption of volleyball classes and the mandatory usage of face masks by all participants.

7) Prior to this date, the body of evidence was already present refuting the efficacy of face masks for preventing the spread of SARS-CoV-2/COVID-19. See, https://www.cato.org/working-paper/evidence-community-cloth-face-masking-limit-spread-sars-cov-2-critical-review# With its stated conclusion that, "The use of cloth facemasks in community settings has become an accepted public policy response to decrease disease transmission during the COVID-19 pandemic. Yet evidence of facemask efficacy is based primarily on observational studies that are subject to confounding and on mechanistic studies that rely on surrogate endpoints (such as droplet dispersion) as proxies for disease transmission. The available clinical evidence of facemask efficacy is of low quality and the best available clinical evidence has mostly failed to show efficacy, with fourteen of sixteen identified randomized controlled trials comparing face masks to no mask controls failing to find statistically significant benefit in the intent-to-treat populations.." Though the review was dated November 2021, all or virtually all of the

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

5

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

studies it reviews were published before the Defendants' discriminatory actions against the Plaintiff.

8) In the formulation of its policy, the District did not provide any countervailing evidence to the identified material, giving the impression that the policy was arbitrary, capricious and not based on any nexus between the mask policy and public health.

9) Prior to the implementation of the mask policy, the Commonwealth had enacted its own order, https://www.mass.gov/info-details/covid-19-mask-requirements which states, "The following persons are exempt from the face coverings requirement:

- Children under 5 years old.
- Persons for whom a face mask or covering creates a health risk or is not safe because of any of the following conditions or circumstances:
    - the face mask or covering affects the person's ability to breathe safely;
    - the person has a mental health or other medical diagnosis that advises against wearing a face mask or covering;
    - the person has a disability that prevents them from wearing a face mask or covering; or
    - the person depends on supplemental oxygen to breathe.

10) In the formulation of its policy, the District failed to address the Commonwealth's recommendation of exclusion for medical exemption and failed to address any basis for exceeding the Commonwealth's recommendation of exclusion.

11) In the formulation of its policy, the District also exceeded its superintendency power, in taking a recommendation narrowly tailored to address concerns, valid or otherwise, of providing a "safe" environment for school-aged children within a school building for the upcoming year, and applying it, over broadly, to adult participants in an after-hours program not subject to the recommendations designed to protect children.

12) The Plaintiff registered for the adult volleyball classes to begin September 21st, 2021.


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

13) Prior to the commencement of the classes, the Defendants implemented the Policy referenced above as Exhibit 1 mandating face masks be worn for the duration of the activity.

14) The Plaintiff mailed Notice and Demand correspondence to the Defendant, Acton-Boxborough Regional School District or its agents, which were delivered on August 30th, 2021. (Enclosed as Exhibit 2.)

15) In putting the Defendants on notice of objections to the Policy, the Plaintiff unambiguously put the Defendants on notice of concern that warranted review of the Policy or rescission of the Policy.

16) The Notice and Demand letters notified the Defendants that the face mask policies of Community Education and the school district would preclude the Plaintiff from participation in the classes, as face masks are medically inappropriate for the Plaintiff. (See Exhibit 7).

17) The Plaintiff did not receive a response to his demand for accommodation in the form of release from the mask mandate.

18) Defendant Peter Light sent the Plaintiff a letter dated August 31st, 2021 in which Light acknowledged receipt of the Plaintiff's letters (enclosed as Exhibit 3).

19) In Defendant Peter Light's letter, he failed to rectify or even address the Plaintiff's medical exemption from wearing face masks. Defendant Light also threatened to bar the Plaintiff from all current and future programs in retaliation if the Plaintiff exercised his right to medical exemption.

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

7

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

20) On or about September 15, 2021, the Plaintiff, through Counsel, demanded of Defendant Peter Light that medical accommodation was required by the Defendant, Acton-Boxborough Regional School District. (Enclosed as Exhibit 4).

21) On September 20th, 2021 Defendant Peter Light attempted to circumvent the Plaintiff's legal counsel by emailing the Plaintiff directly and requesting the Plaintiff's personal medical information. (Enclosed as Exhibit 5).

22) After having received the Plaintiff's Notice and Demand letter on August 30th, 2021 in which she was notified the Community Education face mask policy violated state and federal civil rights laws, Acton-Boxborough Regional School District's agent/employee Erin O'Brien Bettez subsequently reviewed and approved a draft of an email message that volleyball instructor David Liu proposed to send to volleyball class registrants which outlined penalties for participants who do not comply with the Policy. Further, Bettez advocated for even harsher penalties against those who do not comply with the unlawful policy.

23) At no time did the Defendants engage in serious or meaningful communication about reasonable accommodation for the Plaintiff, suggesting only the use of a face shield as a face covering instead of a face mask.

24) On September 21, 2021, Defendant Peter Light and Erin O'Brien Bettez barred the Plaintiff from entry and participation in the adult volleyball class at the RJ Grey Junior High School, 16 Charter Road, Acton for which he was registered to participate, singling out the Plaintiff in a discriminatory manner based upon "disability."

25) The Defendants did not subject others entering the building or participating in Community Education programs to equivalent discrimination or treatment.


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

26) The Plaintiff has pursued and exhausted administrative remedies in this case. On September 27th, 2021 via the Department of Justice's online portal the Plaintiff filed a civil rights complaint, record number 104362-BCX. The Department of Justice has failed to pursue the matter and has given no explanation.

ADDITIONAL FACTUAL BACKGROUND AS CONTEXT

27) The SARS-CoV-2/COVID-19 contagion which has dominated American life for much of 2020-2021 is one of a long series of viruses which have periodically spread across the United States during the history of the country. Historic evidence indicates that the contagions at various times have been of higher mortality than at other times, with the Spanish Flu of 1918-1919 serving as one of the more dangerous epidemics in American history.

28) At the outset of the SARS-CoV-2/COVID-19 contagion in 2020, it was widely believed by government officials to be a health threat of an unknown severity to the American population.

29) By August of 2021, any plausible concern of inordinate threat to the general population of the United States had been rebutted.

30) Eminent epidemiologist and professor of medicine at Stanford University Dr. Jay Bhattacharya and professor of economics at George Mason University Donald. J. Boudreaux eloquently explained in an August 2021 article published in the Wall Street Journal that no degree of oppressive measures or violation of civil liberties can eradicate or contain COVID-19. (See Exhibit 6 enclosed.)



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

31) Furthermore, they pointed out what has been self-evident to anyone willing to acknowledge the obvious: attempting to eliminate this germ and infectious disease which cannot be contained or eliminated without regard for civil liberties and other aspects of public health is both futile and harmful.

32) There was no reason to believe in August of 2021 that extreme government measures had any nexus with proper epidemiological containment of SARS-CoV-2/COVID-19, As of August of 2021, face shields, of the type proposed by the Acton-Boxborough Regional School District had not received approval by the FDA to stop viral respiratory infections such as SARS-CoV-2 / COVID-19. As of August of 2021, the FDA had only granted an emergency use authorization for face shields to be worn by health care personnel (HCP) in healthcare settings in response to COVID-19, not for use by the general public in community settings.

33) The FDA had further noted in the emergency use authorization said that such products' labeling must "not state that use of the authorized face shield alone will prevent infection from microbes or viruses."

34) Thus, as of August of 2021, the evidence at trial will show that no deadly epidemic based upon SARS-CoV-2/COVID-19 was posing a general health threat to the population of Middlesex County, or that any threat was extreme or of an emergency nature, or that governmental regulation or action was necessary to remediate an immediate and deadly health emergency or that any such emergency had a demonstrated nexus with face masks or face shields.

35) On October 21, 2021, United States Supreme Court Associate Justice Gorsuch, in his dissent from the Does v. Mill decision (21A90), affirmed the position that the issue is not



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

whether an emergency justifying powers ever existed, but whether the emergency continues to exist at the time extraordinary, temporary measures are adopted, stating "I accept what we said 11 months ago remains true today---that stemming the spread of Covid qualifies as a compelling interest...At the same time, I would acknowledge that this interest cannot qualify forever…"

36) Likewise, the Defendants in this case must prove and demonstrate that the compelling state interest existed on the day the challenged policy was enacted, and that the Defendants had not merely relied on prior concerns. In August of 2021, the Defendants had no reasonable belief that their actions were necessary, proper or useful, or otherwise met the "purposes" of the Policy.

37) In the face of the reality of the circumstances, the Defendants imposed a Policy which had the affirmative effect of creating a de facto disability on the Plaintiff, barring the Plaintiff from participating in social activity and regular life activity, on the basis of disability caused by the Policy.

38) The Defendant lacked a compelling public interest by creating the Policy.

39) The Policy that was implemented cannot withstand strict scrutiny because it was overly broad and under inclusive, and failed to demonstrate a nexus between purpose and Policy, and which caused harm to the Plaintiff without cause and which rendered him disabled as a matter of fact and law.

40) Increasingly, Courts have begun to reject elements of government overreach that reek of virus-theater with potential to create harm and to create secondary classes of citizenship based on government induced medical disability. In BST Holdings v. OSHA, 21-60845, before the Fifth Circuit Court of Appeals, on November 12, 2021, the Court enjoined an



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

OSHA regulation mandating vaccines on private citizens, "the Mandate," noting, page 8, that "rather than a delicately handled scalpel, the Mandate is a one-size fits-all sledgehammer that makes hardly any attempt to account for differences in workplaces (and workers) that have more than a little bearing on workers' varying degrees of susceptibility to the supposedly 'grave danger' the Mandate purports to address." Indeed, the Fifth Circuit challenged the entire premise that the country faces an extreme emergency from SARS-CoV-2/COVID-19.

41) The Fifth Circuit also noted that the Mandate from OSHA was "staggeringly overbroad" and "under inclusive," meaning that the Mandate lacked targeted focus.

42) On November 22, 2021, in Robinson v. Missouri Department of Public Health, 20AC-CC0515, a Court equally demonstrated its frustration with SARS-CoV-2/COVID-19 mandates, placing these cases in context: "Missouri's local health authorities have grown accustomed to issuing edicts and coercing compliance…It is far past time for this unconstitutional conduct to stop…This case is about whether Missouri's Department of Health and Senior Services regulations can abolish representative government in the creation of public health laws…based on the unfettered opinion of an unelected official…This Court finds it cannot…"

43) In the case at bar, the Policy is equally "staggeringly overbroad" and "under inclusive," and lacking in compelling governmental purpose and nexus which would withstand strict scrutiny and equally the effect of abuse of power and usurpation of legislative power.

44) In the interest of using a meat cleaver on a grape, the Defendants have engaged in willful discrimination against the Plaintiff and have caused him and others collateral harm which warrants injunctive relief for the harm caused.



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

45) The Plaintiff holds this truth to be self-evident: If the Plaintiff's constitutional and civil rights are allowed to be treated instead as privileges to be revoked or suspended at the whim of the Defendants, then they are not truly rights. This would subvert the intent and the very foundation of this country's system of law.

## COUNT I
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)
### (DEJURE DISABILITY)

46) The Plaintiff restates paragraphs 1-45 as and specifically incorporates them herein.

47) The Plaintiff has a de jure disability as defined under the Americans with Disabilities Act, in that his physician has specifically advised against the wearing of face masks in consultation with, and in review of, the Plaintiff's medical status.

48) Under the Americans with Disabilities Act, the District was required to provide a reasonable accommodation to the Plaintiff.

49) The District offered no reasonable accommodation, proposing only random solutions of untested and unapproved medical devices not designed or approved for the use suggested.

50) At no time did any individual with any competence or understanding of the medical issues make any effort to understand the medical issue or to make an offer of reasonable accommodation in concert with participation by the Plaintiff.

51) The reasonable accommodation in this case was not to bar the Plaintiff from the life activity, but to exempt the Plaintiff from compliance with the regulation, which, in any event, had no nexus to any viable public health objective.

52) As a result of this failure by the District, the Plaintiff was denied his right of access required by the Americans with Disabilities Act, and was otherwise harmed.



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

## COUNT II
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)
### (DEFACTO DISABILITY)
### (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

53) The Plaintiff restates paragraphs 1-52 as and specifically incorporates them herein.

54) The Plaintiff had been fully able to participate in the adult volleyball program prior to the imposition without the need for medical accommodation, as any preexisting medical concerns were not an impediment to participation.

55) The District's mask policy therefore created the condition leading to the bar to access.

56) Any disability created under the Americans with Disabilities Act was therefore a result of government action, not a preexisting dejure disability; by definition, it is the masking policy itself which leads to disability, and which would evaporate with the termination of the policy or exemption to it.

57) This de facto disability, in which the government first acts, then discriminates, is viewed under a higher standard of review, as opposed to "reasonable accommodation."

58) The District cannot show that that it is within its superintendency power to declare health policy on after-hours programs attended by adults under a "school" policy based exclusively on the use of a school building in which no school children are present.

59) The District cannot show that its policy represented any kind of compelling governmental need, as the so-called pandemic was no longer an "emergency" as of August and September 2021, and there was no compelling public health need to issue the policy as it applied to the Plaintiff.

60) Even if a compelling public health emergency existed, and even if the District had superintendency power to act, both of which the Plaintiff denies, and which it is the


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

14

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

District's obligation to prove at trial, there was no nexus between the public need and the policy as crafted.

61) Even if a compelling public health emergency existed, and even if the District had superintendency power to act, and even if there was a nexus between the public need and the policy as crafted, all of which the Plaintiff denies, and it is the District's obligation to prove at trial, the policy was not narrowly tailored to meet the nexus, as the policy was overly broad in the equivalent of using a meat cleaver to split a grape.

62) Even if a compelling public health emergency existed, and even if the District had superintendency power to act, and even if there was a nexus between the public need and the policy as crafted, and even if the policy was narrowly tailored to meet the nexus, all of which the Plaintiff denies, and it is the District's obligation to prove at trial, the policy was still invalid in that it was wildly under inclusive, as it was aimed at a particularly narrow medical issue, and did not represent a purposeful health measure aimed at more dire medical circumstances. As was recently noticed in Logan Albright's recent book, Conform or be Cast Out, p. 151, "the amount of lives we could save by taking swift and decisive action to ban cars, planes, pools, sports, pets, stairs, hamburgers, sex, beer, cigarettes, electricity, and pillows, is incalculable. The reason we don't ban those things comes from a recognition that life is inherently risky, and a life which minimized every conceivable danger would not be one worth living."

63) The District's policy is illegal, unconscionable and unsupportable.

64) If the Court does find the policy is enforceable, the remedy is exemption.

65) If the Court does not find that the policy is enforceable, the remedy is to strike the policy in its entirety.



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

66) In either circumstance, the Plaintiff has been harmed by denial of access under the Americans with Disabilities Act based upon government action creating de facto disability, and thereby denying him his access rights protected by law and has otherwise been harmed.

## COUNT III
## VIOLATION OF 42 U.S.C. §§ 1983, 1985

67) The Plaintiff restates paragraphs 1-66 as and specifically incorporates them herein.

68) The District and its Superintendent, acting in their capacity herein, and acting under the color of the law, did deny the Plaintiff the privileges and immunities of citizenship by denying the Plaintiff the opportunity to participate in the community events on the basis of disability, and did deny the Plaintiff his privileges and immunities protected by the Civil Rights Act(s) and the US Constitution, including the right to free association of the First Amendment and other rights by imposing a bar to the Plaintiff to those rights.

66. Said conduct in the form of conspiracy between the Defendants to deny civil rights were intentional and with malice and without good cause and for improper political motives.

67. As a result of this conduct, the Plaintiff has been harmed.

WHEREFORE, the Plaintiff does pray and request as follows:

1) That the Court, after trial, determine that the Defendants, jointly and individually, violated the Plaintiff's rights under the Americans with Disabilities Act, the Civil Rights Act and the First Amendment of the United States Constitution.



16

2) The Court determine that the Defendants refused to provide reasonable accommodation under the Americans with Disabilities Act.

3) That the Court declare the District's policy unlawful as being created outside the District's lawful power, that the policy had no compelling public purpose, that there was no nexus between the policy and the public purpose and that the policy was both overly broad and under inclusive, and that the policy should be deemed without force and effect.

4) That even if the Court were to find the policy to be lawful, that the Defendants failed to exempt the Plaintiff, who was rendered de facto disabled by the Act;

5) That this Court award the Plaintiff his damages, costs and attorney's fees in an amount to be determined; and

6) Any other relief deemed appropriate by this Court.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully Submitted,
**The Plaintiff**
By his attorney,

Robert N. Meltzer, BBO #564745
The Mountain States Law Group
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
Phone: (978) 254 6289
inbox@mountainstateslawgroup.com

Dated: December 13, 2021



17