UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BUSH,<br>    *Plaintiff*, | )<br>)<br>) |
| vs. | )    C.A. NO. 1:21-cv-12039-IT<br>) |
| ACTON-BOXBOROUGH REGIONAL SCHOOL DISTRICT, PETER LIGHT, DAWN GRIFFIN BENTLEY and ERIN O'BRIEN BETTEZ,<br>    *Defendants*. | )<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

**I. INTRODUCTION & BACKGROUND**

This is an action brought by the *pro se* plaintiff, Michael Bush, against the Acton-Boxborough Regional School District ("ABRSD"), Superintendent Peter Light, former Assistant Superintendent Dr. Dawn Bentley, and Director of Community Education Erin Bettez. Suit arises out of a mask mandate adopted by the Acton-Boxborough Regional School Committee ("School Committee") for the 2021-2022 school year in compliance with guidance and directives issued by the Massachusetts Department of Elementary & Secondary Education ("DESE") and Massachusetts Department of Public Health ("DPH"). The temporary mandate (which was lifted on February 28, 2022) required all students, staff and visitors to wear a face mask when inside ABRSD facilities regardless of vaccination status. (First Amended Complaint, Ex. 1, ECF Doc. No. 29-7). Claiming the mask mandate violated Title II of the Americans with Disabilities Act ("ADA") and his constitutional rights to be mask-free as guaranteed under the First and Fourteenth Amendments, plaintiff (a school visitor) originally filed this action against the ABRSD and Superintendent Light on December 14, 2021.[1] On August 9, 2022, this Court granted defendants'

---

[1] At that time, plaintiff was represented by counsel. On August 23, 2022, this Court allowed

Motion to Dismiss plaintiff's original Complaint under Rule 12(b)(6) for failure to state a claim. (ECF Doc. No. 26). In so doing, the Court also indicated it would consider a motion for leave to amend the Complaint provided such motion was filed within 14 days and accompanied by a proposed Amended Complaint. (Id., at 11 n. 9).

On August 22, 2022, plaintiff (now *pro se*) filed a Motion for Leave to File First Amended Complaint (ECF Doc. No. 28) together with a Memorandum of Reasons in Support thereof (ECF Doc. No. 29) and proposed First Amended Complaint. (ECF Doc. No. 29-4). On September 12, 2022, this Court allowed plaintiffs' Motion for Leave to File First Amended Complaint as "unopposed." (ECF Doc. No. 36). In his First Amended Complaint, plaintiff advances the same claims against the same defendants targeted in his original Complaint, but also adds two more individual defendants as well as a claim based on the alleged violation of Mr. Bush's rights to the free exercise of religion as protected under the First Amendment. (ECF Doc. No. 37, Count IV).

On September 26, 2022, defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6) (ECF Doc. 43) together with a Memorandum of Law in support. (ECF Doc. No. 44). On October 9, 2022, plaintiff filed an Opposition to defendants' Motion to Dismiss (ECF Doc. No. 46) together with six Exhibits. (ECF Docs. No. 46-1 – 46-6). Defendants' Motion to Dismiss Plaintiff's First Amended Complaint remains pending.

On December 14, 2022, plaintiff served Initial Disclosures on defendants pursuant to Fed. R. Civ. P. 26(a)(1)(A). Plaintiff did so despite the facts that no scheduling conference has been scheduled or held in this matter, and no scheduling order has yet been issued by this Court pursuant to Fed. R. Civ. P. 16(d). In an accompanying email, plaintiff requested defendants' Initial Disclosures, as well as an opportunity to confer with defense counsel pursuant to Rule 26(f) "'as

---

plaintiff's counsel's Motion to Withdraw. (ECF Doc. No. 30).

soon as practicable' regarding possibilities for resolving the case, planning discovery, and other matters."[2]

On December 15, 2022 (the following day), undersigned counsel sent an email to plaintiff expressing the view that "it is premature to initiate discovery in this matter pending the outcome of defendants' Motion to Dismiss Plaintiff's First Amended Complaint Under Rule 12(b)(6)." Consequently, defense counsel declined to participate in a Rule 26(f) planning conference at this time.[3] Further, defense counsel requested plaintiff to let him know if plaintiff intended to serve discovery on any defendants or notice any depositions before the Court rules on the pending Motion to Dismiss. "If so, defendants will move to seek a stay of discovery." (Exhibit "B").

Plaintiff did not respond to counsel's request. However, later that same day, plaintiff served Plaintiff's First Interrogatories to Defendants.[4] Because the Interrogatories were served only by mail, defense counsel did not receive them until December 16, 2022.

Plaintiff's discovery requests are premature. Defendants will necessarily incur significant time and expense in responding to plaintiff's discovery requests, some or all of which may be wholly unnecessary depending on the outcome of defendants' Motion to Dismiss. Good cause exists to postpone all discovery in this matter pending the outcome of defendants' Motion to Dismiss. This Memorandum of Law is submitted in support of defendants' Motion to Stay Discovery.

---

[2] A true and accurate copy of plaintiff's email to defense counsel dated December 14, 2022 is attached to defendants' Motion to Stay Discovery as Exhibit "A."
[3] A true and accurate copy of defense counsel's email to plaintiff dated December 15, 2022 is attached to defendants' Motion to Stay Discovery as Exhibit "B."
[4] A true and accurate copy of Plaintiff's First Interrogatories to Defendants is attached to defendants' Motion to Stay Discovery as Exhibit "C."

## II.  ARGUMENT

### GOOD CAUSE EXISTS TO STAY ALL DISCOVERY PENDING THE OUTCOME OF DEFENDANTS' MOTION TO DISMISS.

"It is black letter law that 'federal courts possess the inherent power to stay proceedings for prudential reasons.'" D.R. v. Bigda, 2021 WL 1080244, at *1 (D. Mass. March 18, 2021) (quoting Marquis v. FDIC, 965 F.2d 1148, 1154-55 (1st Cir. 1992)). See Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 147 (D. Mass. 2012) ("A district court has the inherent discretionary authority to stay a civil action if the interests of justice so require.") (citing Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77-78 (1st Cir. 2004)).  "Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure competing equities are weighed and balanced." Marquis, at 1155.

In addition to their inherent powers, district courts also have the authority under the Federal Rules of Civil Procedure to issue protective orders regarding the timing of discovery.

> A party or any person … from whom discovery is sought may move for a protective order in the court where the action is pending. …. The court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including …:
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery; ….

Fed. R. Civ. P. 26(c)(1). See Complaint of Akropan Shipping Corp., 1990 WL 16097, at *3 (S.D.N.Y. Feb. 14, 1990) (granting protective order under Rule 26(c)(1)(B) to stay discovery pending outcome of dispositive motion).

Courts have repeatedly held that a pending motion to dismiss serves as good cause to stay discovery. See Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss …"); Chavous v. District of Columbia Fin. Responsibility & Mgmt. Ass. Auth., 201 F.R.D. 1 (D.D.C. 2001) ("It is settled that entry of an

order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion …") (citations omitted); Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc., 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) ("A pending dispositive motion constitutes good cause for a stay of discovery."); Dicenzo v. Massachusetts Dep't of Correction, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) (finding good cause to stay discovery pending resolution of parties' dispositive motions); Triement v. Washington County, 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) ("*before* any litigant (including a pro se litigant) is entitled to take discovery, the plaintiff must first plead a plausible claim for relief …") (emphasis in original).

In Steward Health Care System LLC v. Southcoast Health System, Inc., 2016 WL 11004353 (D. Mass. June 15, 2016), U.S. Magistrate Judge Jennifer Boal granted a motion to stay discovery under Rule 26(c)(1) where the defendant had moved to dismiss all counts of plaintiff's complaint. "[I]t makes little sense," reasoned the Court, "to force either side to go through expensive discovery where all, or part, of the case may be dismissed." Id., at *2. In Channing Bete Co., Inc. v. Greenberg, 2021 WL 4398510 (D. Mass. Sept. 27, 2021), U.S. Magistrate Judge Katherine Robertson granted the motion of a third-party defendant for a protective order to stay discovery pending a ruling on its motion to dismiss the third-party complaint. In opposition to the motion, the third-party plaintiff argued he would be harmed by a delay in commencing discovery as one of his counts may survive dismissal. The Court was not persuaded. "[T]he possibility that a single claim will survive [the motion to dismiss] does not preclude granting a motion to stay." Id., at *2.

Here, *pro se* plaintiff served his Initial Disclosures, requested defendants' Initial Disclosures, and served a set of Interrogatories directed to all four defendants. (Exhibit "C"). Further, plaintiff served the Interrogatories after receipt of defense counsel's email in which he

stated that, in defendants' view, discovery in this matter is premature pending the outcome of defendants' Motion to Dismiss. Preparing Initial Disclosures, drafting Answers to plaintiff's Interrogatories and responding to any additional discovery plaintiff may choose to serve will require defendants to spend time and effort, and incur additional expenses, including attorneys' fees.

Defendants' Motion to Dismiss comprehensively addresses all six Counts of plaintiff's First Amended Complaint. Further, defendants' Motion to Dismiss stands a favorable chance of success given (in particular) this Court's dismissal of plaintiff's original Complaint on August 9, 2022 (ECF Doc. No. 26) and the recent decisions of Bush v. Fantasia, 2022 WL 4134501 (D. Mass. Sept. 12, 2022), and Bush v. The Wang Ctr. for the Performing Arts, Inc., 2022 WL 17812937 (D. Mass. Oct. 31, 2022). As set forth in the Memorandum of Law submitted in support of defendants' Motion to Dismiss (ECF Doc. No. 44), District Court Judge Allison Burroughs dismissed nearly identical claims brought by the same Mr. Bush and eleven other *pro se* plaintiffs against the Town of Carlisle and eight current and former Town officials. Bush v. Fantasia, at **6-9. In that action, Mr. Bush and others unsuccessfully challenged mask mandates issued by the Carlisle Board of Health and Trustees of the Gleason Public Library under Title II of the ADA, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Free Exercise and Peaceable Assembly Clauses of the First Amendment.[5] In Bush v. The Wang Center, Mr. Bush (as a *pro se* plaintiff) alleged that the Wang Center discriminated against him in violation of the ADA by enforcing theater rules that required attendees at live performances to wear face masks and provide proof of vaccination and/or a negative COVID-19 test. On October 31, 2022,

---

5 Mr. Bush and several other plaintiffs have appealed Bush v. Fantasia to the First Circuit Court of Appeals.

U.S. Magistrate Judge Jennifer Boal issued a Report and Recommendation recommending the District Court dismiss Mr. Bush's Complaint. Bush v. The Wang Ctr., 2022 WL 17812937, at *10. On December 19, 2022, District Court Judge Nathaniel Gorton accepted and adopted the Report and Recommendation and ordered the dismissal of Mr. Bush's case. See 2022 WL 17752129 (D. Mass. Dec. 19, 2022).

Guided by the legal analysis set forth above, this Court should stay all discovery in this matter pending the outcome of defendants' Motion to Dismiss Plaintiff's First Amended Complaint. A temporary stay would save the defendants from incurring potentially unnecessary costs and expenses in responding to plaintiff's discovery. A stay would also relieve defendants from expending the time necessary to prepare discovery responses and potentially testify at depositions. Finally, a temporary stay will not prejudice plaintiff as the challenged mask mandate was lifted ten months ago.

### III.  CONCLUSION

Good cause exists to stay all discovery in this matter pending an outcome on defendants' Motion to Dismiss Plaintiff's First Amended Complaint. This Court may grant such relief under its inherent powers to stay proceedings for prudential reasons and its authority to issue protective orders under Rule 26(c)(1). For the reasons set forth above, the defendants, the Acton-Boxborough Regional School District, Superintendent Peter Light, former Assistant Superintendent Dr. Dawn Bentley, and Director of Community Education Erin Bettez, hereby request that this Honorable Court allow their Motion to Stay Discovery pending the outcome of defendants' Motion to Dismiss.

        Respectfully submitted,

        The Defendants,

        ACTON-BOXBOROUGH REGIONAL SCHOOL DISTRICT, SUPERINTENDENT PETER LIGHT, DR. DAWN BENTLEY and ERIN BETTEZ,

        By their Attorneys,

        **PIERCE DAVIS & PERRITANO LLP**

        */s/ John J. Davis*

        _____
        John J. Davis, BBO #115890
        10 Post Office Square, Suite 1100N
        Boston, MA 02109
        (617) 350-0950
        jdavis@piercedavis.com

Dated: December 28, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on December 28, 2022.

        */s/ John J. Davis*
        _____
        John J. Davis, Esq.