United States District Court
District of Massachusetts

| | |
|---|---|
| **Michael Bush**, pro se<br><br>*Plaintiff*<br><br>v.<br><br>**Acton Boxborough Regional School District,**<br><br>**Peter Light,**<br><br>**Erin O'Brien Bettez,**<br><br>**Dawn Griffin Bentley**<br><br>*Defendants* | Civil Action No.: 1:21-cv-12039 |

**Plaintiff's opposition to Defendants' motion to stay discovery**

**Table of contents**

Memorandum of reasons ................................................................................3

    The Defendants materially misrepresented key elements of the case ........3

    Fed. R. Civ. P. 26(a)(1)(C) requires initial disclosures to be served by January 18th, 2023 ................................................................................................3

    Fed. R. Civ. P. 26(a)(1) disallows the Defendants' reasons for withholding initial disclosures ................................................................................................4

    The Defendants have introduced irrelevant matters and beaten the same dead horses ................................................................................................4

    The Federal Rules require fulfillment of discovery requests and the Defendants have failed to rebut that ...........................................................6

Conclusion ................................................................................................7

## Memorandum of reasons

### The Defendants materially misrepresented key elements of the case

In their memorandum (ECF 50) supporting their motion to stay discovery (ECF 49), the Defendants asserted that their face mask mandate "required all students, staff and visitors to wear a face mask when inside ABRSD facilities regardless of vaccination status". That is false. As revealed in the Plaintiff's 1st amended complaint and its 1st exhibit, the Defendants allowed multiple exemptions and exceptions to that requirement both in their written mandate and their application of it. The person they denied exemption to was the Plaintiff, in violation of his rights.

The Defendants also asserted that the Plaintiff claims his rights were violated under Title II [sic] of the Americans with Disabilities Act. That is only partially accurate. The Plaintiff asserts that the Defendants violated his rights under both subchapters II and III, as in this case the Acton Boxborough Regional School District is a covered entity under both of those subchapters.

### Fed. R. Civ. P. 26(a)(1)(C) requires initial disclosures to be served by January 18th, 2023

Fed. R. Civ. P. 26(a)(1)(C) states that "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference…" The Plaintiff provided his initial disclosures to the Defendants on December 14th, 2022. In accordance with this Court's order, the litigants held their Fed. R. Civ. P. 26(f) conference on January 4th, 2023. Thus, the Defendants are obligated to provide their initial disclosures by January 18th, 2023.

## Fed. R. Civ. P. 26(a)(1) disallows the Defendants' reasons for withholding initial disclosures

Fed. R. Civ. P. 26(a)(1)(B) "Proceedings Exempt from Initial Disclosure" lists the specific proceedings under which initial disclosures are not required. This proceeding and the Defendants' excuse for refusing to provide initial disclosures do not match any of the specifications in Fed. R. Civ. P. 26(a)(1)(B).

Furthermore, Fed. R. Civ. P. 26(a)(1)(E) states that, "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Thus, the Defendants' refusal to provide initial disclosures in accordance with the timelines specified by Fed. R. Civ. P. 16(b)(2), 26(a)(1)(C), and 26(f)(1) is unsupportable.

## The Defendants have introduced irrelevant matters and beaten the same dead horses

The Defendants' motion is to stay discovery. Their memorandum, however, consists of not only arguments about discovery but also mentions dismissals of other cases.

As the other cases' dismissals are irrelevant to a motion to stay discovery here, the Plaintiff will not waste this Court's time with a lengthy rebuttal. Briefly, the court dismissed the *Bush v. Wang Center* case (that had facts different than those of this case):

1. without giving the leave to amend the complaint required by Fed. R. Civ. P. 15(a) and the 1st Circuit Court of Appeals,

2. without providing any justification for why it disregarded important and relevant sections of the A.D.A.,

3. without providing any justification for why it disregarded the applicable C.F.R.'s instruction to courts on how to apply the A.D.A. and what constitutes violations of the A.D.A., and

4. by improperly applying the A.D.A. subchapter I "Employment" requirement of "reasonable accommodation" to a case that fell under subchapter III "Public Accommodations". Subchapter III uses the requirement of making necessary modifications to policies or practices to avoid discrimination and not the "reasonable accommodation" requirement. It is important to note here that the pro se Plaintiff's former attorney and the Defendants in this case attempted to apply the wrong A.D.A. requirement. The Plaintiff wishes to bring that error to this Court's attention so that the Court is not misled into mistakenly applying subchapter I's requirements to this case, when these Defendants fall under subchapters II and III of the A.D.A.

The Defendants also rehashed their arguments about the dismissal of the *Bush et al. v. Fantasia et al.* case. They already brought that up in their prior motion to dismiss memorandum (ECF 44). And in his opposition to that motion (46) the Plaintiff already pointed out that the dismissal of that case was in conspicuous violation of the A.D.A., applicable Federal Rules of Civil Procedure, and clear instruction from the 1st Circuit Court of Appeals. The Plaintiff will not reiterate those details again here. The improper dismissal of that case is under appeal with the 1st Circuit Court of Appeals.

In *Wyatt v. City of Boston*, 35 F.3d 13 (1st Cir. 1994), the appeals court made clear that under Fed. R. Civ. P. 12(b)(6), a district court must give plaintiffs notice of what the court perceives as a complaint's deficiencies and an opportunity to amend it. Further, "A motion to dismiss should be granted only if it 'appears to a certainty that the plaintiff would be unable to recover under any set of facts.' *Roma Const. Co. v. aRusso*,96 F.3d 566, 569 (1st Cir. 1996); see also *LaChapelle v. Berkshire Life Ins. Co.*,142 F.3d 507, 509 (1st Cir. 1998)." *State St. Bk. and Tr. Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir. 2001). Thus, for the Defendants to incessantly push this Court to dismiss this case is inappropriate—and all the more so in a motion to stay discovery.

## The Federal Rules require fulfillment of discovery requests and the Defendants have failed to rebut that

The *Marquis v. FDIC*, 965 F.2d 1148, 1154-55 (1st Cir. 1992) ruling the Defendants cited states that stays of proceedings may only be issued for good cause and may only be of reasonable duration. Given that the Plaintiff served his original complaint more than a year ago and the Defendants still refuse to provide their initial disclosures or fulfill any discovery requests, a stay of discovery at this point fails to meet either—much less both—of those criteria.

The Federal and Local Rules of Civil Procedure require litigants to fulfill discovery requests. Fed. R. Civ. P. 1 tells us that all the other Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." That the Defendants have been allowed to obstruct all discovery for over a year is neither speedy nor just.

## Conclusion

The Defendants have made material misrepresentations about this case in their motion's memorandum. They rehashed prior meritless arguments that are inappropriate for a motion to stay discovery. And they failed to rebut the fact that they have defied the Federal and Local Rules of Civil Procedure.

Though the Plaintiff imagines that this Court may not be able to do much about the Defendants' truthfulness or lack thereof, the Plaintiff requests that this Court at least bring the Defendants' defiance and obstruction of discovery to a swift end.

Respectfully submitted,

January 10th, 2023                    _Michael Bush_, Pro Se

Michael Bush
280 Lowell Street
Carlisle MA 01741
*Bmoc54@verizon.net*
Phone: (978) 734-3323

## CERTIFICATE OF SERVICE

I, Michael Bush, hereby certify that I have, on this 10th day of January, 2023, electronically served a copy of the foregoing and any accompanying document(s) pursuant to Fed. Rule Civ. Proc. 5(b)(2)(E) and Local Rule 5.2 upon the following:

John J. Davis, BBO #115890
10 Post Office Square, Suite 1100N
Boston, MA 02109
jdavis@piercedavis.com

_Michael Bush_, Pro Se
Michael Bush